IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

ANDRE LAKEITH JOHNSON                                                                    PLAINTIFF

v.                            Civil No.  4:11-cv-04005

OFFICER PIERRE SUMMERVILLE; and
SHERIFF JAMES A. SINGLETON                                                           DEFENDANTS

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, Andre Johnson, filed this case pursuant to the provisions of 42 U.S.C. § 1983.  He proceeds *pro se* and *in forma pauperis*.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable P.K. Holmes, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

Defendants have filed a motion for judgment on the pleadings (ECF No. 9) pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.  Plaintiff did not file a response to the motion.  The motion is before me for issuance of this report and recommendation.

**1.  Background**

The events at issue in this case occurred while the Plaintiff was incarcerated in the Hempstead County Detention Facility in Hope, Arkansas.  According to the allegations of the complaint, at approximately 3:00 p.m. on December 15, 2010, Plaintiff alleges he was taking a shower when Officer Summerville came into the pod and told Plaintiff to get out of the shower.  When Plaintiff asked if he could rinse the soap off, he states Officer Summerville sprayed him with mace and continued to spray him while he was attempting to get dressed.

When Plaintiff got to the day-room area and was walking around a table, Plaintiff states Officer Summerville walked around the table and "grabbed" him.  At that time, Officer Walker came

over and told Officer Summerville to let Plaintiff go. Plaintiff was placed in his cell.

Plaintiff alleges that at the time Officer Summerville took these actions he was in no immediate danger, caused the situation to escalate, and acted in an unprofessional manner. Plaintiff submitted several grievances regarding the incident asking that the matter be reviewed and he be allowed to file charges against Officer Summerville. Plaintiff maintains he received no responses to his grievances. Despite his grievances, Plaintiff alleges no attempts were made to protect him.

### 2. Applicable Standard

On a motion for judgment on the pleadings, a court applies the same standard as in a 12(b)(6) motion for failure to state a claim. *Glover v. Merck & Co., Inc.*, 345 F. Supp. 2d 994, 996 (D. Minn. 2004)(*citing St. Paul Ramsey County Medical Ctr. v. Pennington County, S.D.*, 857 F.2d 1185, 1187 (8th Cir. 1988)). Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.'" *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009)(*quoting Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1940 (2009)).

"The plausibility standard requires a plaintiff to show at the pleading stage that success on the merits is more than a 'sheer possibility.'" *Braden*, 588 F.3d at 594 (*quoting Iqbal*, 129 S. Ct. at 1949). The standard does "not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation," or reasonable inference, that the "defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949; *see also Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)(While pro se complaints are liberally construed, they must allege sufficient facts to support the claims.).

### 3. Defendants' Arguments

Defendants move for judgment in their favor first arguing that Plaintiff has failed to allege facts sufficient to state a claim against either Defendant. Second, they maintain any injuries suffered by the Plaintiff are *de minimis* and not actionable under § 1983. Third, they argue any official capacity claims must fail because the complaint is devoid of any alleged custom or policy of Hempstead County which resulted in a violation of Plaintiff's rights.

### 4. Discussion

The complaint contains no indication of whether Plaintiff was a pretrial detainee or a convicted prisoner at the time of the incident at issue in this case. Different standards apply to excessive force claims brought by pretrial detainees and those brought by convicted prisoners. In *Johnson-El v. Schoemehl,* the Eighth Circuit discussed the standard applicable to pretrial detainees and stated:

> [u]nlike convicted prisoners, the state has no right to punish [pretrial detainees]. *Bell v. Wolfish*, 441 U.S. 520, 535, 99 S. Ct. 1861, 1871-72, 60 L. Ed. 2d 447 (1979). Their confinement conditions are analyzed under the due process clause of the Fifth and Fourteenth Amendments rather than the Eighth Amendment's "cruel and unusual punishment" standard which is used for convicted prisoners. *Id*. The injuries detainees suffer must be necessarily incident to administrative interests in safety, security and efficiency. As a pretrial detainee, Freeman's excessive-force claim is properly analyzed under the due process clause of the Fourteenth Amendment. *See Graham v. Conner*, 490 U.S. 386, 395 & n. 10 (1989) (due process clause protects pretrial detainee from force amounting to punishment).

*Johnson-El v. Schoemehl*, 878 F.2d 1043, 1048 (8th Cir. 1989).

The courts generally analyze excessive force claims of pretrial detainees in the same way as those of arrestees. *Andrews v. Neer*, 253 F.3d 1052, 1060 (8th Cir. 2001)("The evaluation of excessive-force claims brought by pre-trial detainees, although grounded in the Fifth and Fourteenth Amendments rather than the Fourth Amendment, also relies on an objective reasonableness

standard."). The use of force must be necessary to some legitimate institutional interest such as safety, security, or efficiency, and the force used must not be in excess of that reasonably believed necessary to achieve those goals. *Schoemehl*, 878 F.2d at 1048. The relevant inquiry being whether the officials behaved in a reasonable way in light of the facts and circumstances confronting them. *See e.g., Wilson v. Williams*, 83 F.3d 870, 875 (7th Cir. 1996).

In contrast, the Eighth Amendment applies to the use of force against convicted prisoners. *See e.g., Williams v. Jackson*, 600 F.3d 1007, 1012 (8th Cir. 2010). "[A] malicious and sadistic use of force by a prison official against a prisoner, done with the intent to injure and causing actual injury, is enough to establish a violation of the Eighth Amendment's cruel and unusual punishment clause." *Id.* (internal quotation marks and citation omitted).

Under either standard, sufficient facts are alleged to state a claim against Officer Summerville. Plaintiff maintains Officer Summerville, under no threat at the time, repeatedly sprayed the Plaintiff with mace and then followed up with a use of physical force. A plausible claim is stated.

With respect to Defendants' argument that no claim is stated because there is no allegation the Plaintiff suffered any physical injury, I find the argument unpersuasive. It is clear that the existence of a *de minimis* injury does not necessarily foreclose a claim of excessive force. While the degree of injury may be considered, it is considered only in connection with considering the amount and type of force used. *See e.g., Wilkins v. Gaddy*, 130 S. Ct. 1175 (2010)(Eighth Amendment case--clarified that the extent of any resulting injury, while material to the question of damage and informative as to the degree of force applied, is not in and of itself a threshold requirement in proving an excessive force claim); *Chambers v. Pennycook*, 641 F.3d 898, 906-07

(8th Cir. 2011)(Fourth Amendment claim--"it is logically possible to prove an excessive use of force that caused only a minor injury, and a rule that forecloses a constitutional claim in that circumstance focuses on the wrong question. The degree of injury should not be dispositve, because the nature of the force applied cannot be correlated perfectly with the type of injury inflicted").

Defendants next argue no claim is stated because they are sued in their official capacities only. "Claims against individuals in their official capacities are equivalent to claims against the entity for which they work; they require proof that a policy or custom of the entity violated the plaintiff's rights, and the only type of immunity available is one belonging to the entity itself. *Gorman v. Bartch*, 152 F.3d 907, 914 (8th Cir. 1998)(internal quotation marks and citations omitted). While individual or "personal capacity claims, on the other hand, are those which allege personal liability for individual actions by officials in the course of their duties; these claims do not require proof of any policy and qualified immunity may be raised as a defense." <u>Id.</u>

While I agree that only official capacity claims are stated against Sheriff Singleton, I believe it is appropriate to construe the complaint as asserting individual capacity claims against Officer Singleton. The distinctions between individual and official capacities claims are at times difficult for even those with legal training to make, *see e.g., Vanhorn v. Oelschlager*, 502 F.3d 775, 779 (8th Cir. 2007)(state officials misconstrue the distinctions between official and individual capacity claims and the immunities available), and the Court has a duty to liberally construe *pro se* pleadings.

I agree that no claim is stated against Sheriff Singleton and no official capacity claim is stated against Officer Summerville. There is no *respondeat superior* liability under § 1983. *See e.g., Choate v. Lockhart*, 7 F.3d 1370, 1376 (8th Cir. 1993). "Supervisors can, however, incur liability . . . for their personal involvement in a constitutional violation, or when their corrective inaction

amounts to deliberate indifference to or tacit authorization of the violative practices." *Langford v. Norris*, 614 F.3d 445, 460 (8th Cir. 2010)(internal quotation marks and citations omitted).  Plaintiff has not alleged the existence of a custom, policy, or practice of Hempstead County that was the moving force behind the alleged violation of his constitutional rights.  In this case, the complaint is completely devoid of any basis for official capacity liability on the part of either Defendant.

**5.  Conclusion**

For the reasons stated, I recommend that the motion for judgment on the pleadings (ECF No. 9) be granted in part and denied in part.  Specifically, I recommend that the motion be granted with respect to all claims against Sheriff James A. Singleton and any official capacity claims against Officer Summerville.  With respect to Officer Summerville, I recommend that the complaint be construed as asserting an individual capacity claim against him and that motion be denied as to the individual capacity claim.

**The parties have fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 29th day of September 2011.

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE